## GEORGE *v.* JOY.

The plaintiff introduced a witness whose deposition he had formerly taken. In his cross-examination, he was inquired of as to what he had stated in the deposition. *Held* that he might be permitted to refresh his recollection, by referring to a copy of the deposition.

In assumpsit for goods sold, the defendant produced a bill of parcels, at the bottom of which were the following words : " Consigned, 6 mo." *Held* that the plaintiff might show, in order to prove the contract between the parties, that the goods were to be considered as consigned, if they were returned in six months ; and if not so returned, that they were regarded as sold.

Upon a bill of parcels appeared these words, " Terms cash." *Held* that *prima facie* these words imported that no credit was to be given, but that it might be shown what meaning the parties attached to them, and that for this purpose, the usage to make a discount when bills were paid within six months, was competent evidence, and might be considered by the jury, in ascertaining what contract the parties made.

ASSUMPSIT, for goods sold and delivered.

The defence was, as to the first parcel, that they were not sold, but merely consigned to the defendant for sale ; and as to the other parcels, that they were sold on a credit of six months, which had not expired when this action was commenced.

The defendant produced a bill of the first parcel, which commenced, " Miss N. S. Joy bo't of Lyman A. George," and there was written at the bottom, by the plaintiff's clerk and agent, " Consigned 6 mos."

To show the usage of business between the parties, the defendant produced the original bills of her purchases from the plaintiff, from October, 1845, to March, 1847. These bills, as well as the bills of the goods in suit, except the first parcel, had a printed heading, as follows :

" Boston, June 30, 1847.

" Miss N. S. Joy

" Bought of Lyman A. George, Manufacturer, &c.

" Terms cash.   All claims for allowance to be made with-

in thirty days from date, and no goods to be returned, except for imperfections."

(Here follows a list of the articles.)

It appeared that this was the common form used in the store, and that they had no other printed form, and one of the plaintiff's clerks testified that he had made bills in that form, where he knew nothing of the terms of the sale.

The court ruled that parol evidence was admissible to explain or contradict a bill of parcels, and that the defendant might show that though the bill stated *terms cash*, the actual agreement was for a credit; and that the plaintiff might show that the contract, as to the first parcel of goods, was that the goods were to be consigned, if they were returned or accounted for in six months, or if the defendant chose to retain them beyond that time, it was to be a sale.

It appeared that the deposition of the plaintiff's clerk, by whom the sales in question were made, had been taken by the defendant at Boston. He was called by the plaintiff, and testified. He was cross-examined as to what he had stated in that deposition, and the court permitted him to refresh his recollection by referring to a copy of that deposition.

Upon the bills produced by the defendant, of a date previous to those in suit, were various memoranda, showing that when they were paid within six months, a discount had uniformly been made, at the rate of four per cent. for six months.

The court charged the jury, that the words *terms cash*, on the bills, were *prima facie* evidence that there was no credit, and if not contradicted or explained, it was conclusive, but the parties might show a different agreement.

The court also instructed the jury that such practice of making discount on bills paid within six months, had a tendency to show an agreement for a credit of six months, and for a discount at the rate of four per cent. for six months, if

paid before due, but that the same practice had also a tendency, perhaps equally strong, to prove an agreement, that if the bills were paid within six months, there should be a discount made at the rate of four per cent. for six months, without any agreement for credit; that the jury should consider this evidence in connection with the testimony of the witnesses, and if they were satisfied that there was a contract for a credit of six months, they should find their verdict for the defendant, as to these items.

The defendant excepted to the foregoing rulings and instructions to the jury, and moved for a new trial.

*Farley* and *Cross*, for the plaintiff, referred to the case of *Wallace* v. *Rogers*, 2 N. H. Rep. 506.

*D. Clark*, for the defendant.

We understand that receipts and bills of parcels stand upon the same ground. The general rule is, that parol evidence is inadmissible to vary the terms of a written instrument. But to this rule there are exceptions, and in *Wallace* v. *Rogers*, a bill of parcels was held to be within the exceptions. In Greenl. on Ev. sec. 305, a distinction is made as to the objects for which the bills were given. In this case, there was evidence of a contract between the parties, and this evidence comes from the words at the bottom of the bill, which make it a contract, and as such it cannot be contradicted.

As to the copy of the deposition used by the witness, we had a right to test his memory, by ascertaining what he could recollect about the deposition, and using it in the manner stated in the case, defeated our object.

Gilchrist, C. J. The usage at a certain place, or between certain parties, is evidence tending to show that the parties made their contract with reference to the usage. The words, " terms cash," on the bill, do not necessarily and

conclusively import that the goods are not delivered until the money is paid. They may mean that the money is to be paid in a month, or in a longer or shorter time. They necessarily import nothing more than that the articles purchased are to be paid for in money, and are not to be exchanged for other articles. It is not inconsistent with any inference we can make from them, to admit evidence to prove that they were sold on credit, but *prima facie* they import that there was no credit, and still it may be shown what meaning the parties attached to them.

To prove this, the usage, where bills were paid in six months, to make a discount, was properly received. This usage has some tendency to prove the intention of the parties, and may properly be considered by the jury, in ascertaining what contract the parties made.

The words " consigned 6 mo," of themselves, convey no distinct idea to a stranger to the dealings between the parties. The plaintiff may show, by competent testimony, that the goods were *consigned*, if they were returned in six months, and if not so returned, that they were to be regarded as sold.

We have held, in the case of *Farnsworth* v. *Chase*, [*ante*, p. 534,] that when a usage is so widely practiced on, and so generally known, that the parties must reasonably be presumed to have contracted with reference to it, they will be bound by it. Evidence of such usage does not contradict nor vary the contract. Its only tendency is to explain it. We held, also, that where the parties had always dealt with each other according to a certain mode, that same mode must be held to be adopted by them, unless something to the contrary should be shown.

We see no objection to the ruling of the court, permitting the witness to refresh his recollection by referring to a copy of the deposition he had given. The object of the defendant undoubtedly was to test the recollection of the witness. But, in justice to the witness, all reasonable aid

should be given him for this purpose. He was asked to state what he had testified before, and if his recollection is merely refreshed, by examining the deposition, and if, after being thus refreshed, he remembers the facts therein stated, independent of the deposition, the court, in permitting this, merely follow a practice sanctioned by usage and authority.

*Judgment on the verdict.*